# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: <br><br> CHARLES ANDERSON BLAKE and <br> DORIS LAVERNE BLAKE, <br><br> Debtors. | Case No. 05-10108-RGM <br> (Chapter 7) |
| W. CLARKSON MCDOW, JR., <br> UNITED STATES TRUSTEE, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES ANDERSON BLAKE and <br> DORIS LAVERNE BLAKE, <br><br> Defendants. | Adv. Proc. No. 08-1219 |

### MEMORANDUM OPINION

THIS CASE is before the court on the United States Trustee's motion for a default judgment to revoke the debtors' discharge for failure to comply with an order of this court. 11 U.S.C. §727(d)(3). For the reasons below, the motion will be denied.

### Procedural Background

The debtors did not turnover to the chapter 7 trustee $14,000.00 from a certificate of deposit owned by them and claimed exempt as tenants by the entirety as required by the order of this court entered on July 26, 2007. The trustee needed these funds to pay the sole joint creditor and the costs of administration of the estate. The United States Trustee filed this adversary proceeding seeking

1

to revoke the debtors' discharge for failure to comply with the order of this court.[1]

## **Legal Standard**

The United States Court of Appeals for the Fourth Circuit recently set out the legal standard for denying a debtor a discharge for refusing to obey a court order. *See Smith v. Jordan (In re Jordan),* 521 F.3d 430 (2008). In *Smith v. Jordan* the court stated that:

> Revocation of a debtor's discharge is an extraordinary remedy. *Miller v. Kasden (In re Kasden)*, 209 B.R. 239, 241 (8th Cir.BAP1997). "Revocation of a discharge is a harsh measure and runs contrary to the general policy of the Bankruptcy Code of giving Chapter 7 debtors a 'fresh start.' *Grochocinski v. Eckert (In re Eckert),* 375 B.R. 474, 478 (Bankr.N.D.Ill.2007), *quoting State Bank of India v. Kaliana (In re Kaliana)*, 202 B.R. 600, 603 (Bankr.N.D.Ill.1996). "The statute is construed strictly against the party seeking revocation and liberally in the debtor's favor." *Pierce v. Fuller (In re Fuller),* 356 B.R. 493, 495 (Bankr.D.S.D.2006), citing *Kaler v. Olmstead (In re Olmstead),* 220 B.R. 986, 993 (Bankr.D.N.D.1998).

*Id.* at 433.

The United States Trustee has the burden to establish that the debtors willfully and intentionally refused to obey the court order. *Id.* The United States Trustee must establish not merely that the debtors failed to comply with the order but that the debtors refused to comply with the order. This burden may be satisfied by showing that "the debtors received the order in question

---

[1] The United States Trustee asserted that the debtors failed to comply with two orders of this court: the Administrative Order entered on January 17, 2005 and the turnover order entered on July 26, 2007. The United States Trustee asserted that the debtors refused to comply with the provision of the Administrative Order that states:

> You shall obey all orders of the United States Bankruptcy Court and your responsibility for doing so does not cease even after a discharge is granted. The discharge does not conclude your bankruptcy case. A discharge may be revoked, for cause.

Administrative Order at 1.

The United States Trustee's reliance on the Administrative Order is misplaced. The Administrative Order merely restates the obligation of the debtors to comply with the orders of this court. It is violated in this instance only if the debtors also refused to obey the turnover order. If they did not refuse to obey the turnover order, they did not violate the Administrative Order. In this case, any violation of the Administrative Order is cumulative. It adds nothing to the United State Trustee's case.

and failed to comply with its terms." *Id.* (citations omitted). If the United States Trustee makes the requisite showing, the burden shifts to the debtors to explain their non-compliance. *Id.* (citations omitted). They may show, for example, that their failure to comply was a mistake or that they were unable to comply. *Id* at 434.

### **Debtors' Schedules and Claims**

The money in issue was a portion of the proceeds of the pre-petition sale of the debtors' home. They scheduled it on Schedule B. They disclosed the sale of their home and the receipt of the proceeds in their answer to Question 10 on their Statement of Financial Affairs. They claimed the proceeds exempt under 11 U.S.C. §522(b)(2) as tenants by the entirety property.[2]

The debtors scheduled Americredit, the affected creditor, as a secured creditor on Schedule D. Americredit was scheduled as being secured by a 1997 Plymouth Voyager which had been repossessed. The value of the Voyager was stated to be $5,000.00 and the claim $4,500.00. The Statement of Intent stated that the debtors intended to retain the vehicle by paying the debt without reaffirming it. *In re Belanger,* 962 F.2d 345 (4th Cir.1992).

Schedule I shows that Mr. Blake is a self-employed mechanic whose principal income is from social security. Mrs. Blake is unemployed and receives disability income of $684.00 a month. Three creditors filed proofs of claim. Two creditors are individual creditors of only Mr. Blake or Mrs. Blake but not both, and will not share in any distribution from the tenants by the entirety funds.

---

[2] Tenants by the entirety property is exempt from claims of individual creditors but not of joint creditors. *Bunker v. Peyton (In re Bunker),* 312 F.3d 145 (4th Cir.2002). The trustee need not object to a tenants by the entirety claim of exemption as to joint creditors because the exemption is not applicable as to joint creditors. *Williams v. Peyton (In re Williams),* 104 F.3d 688, 689-90 (4th Cir.1997).

Those creditors are George Washington University Hospital and Prince William Cardiology Associates, Inc. Americredit, the sole joint creditor, filed a claim of $7,947.64.[3]

There is nothing in this case that suggests the debtors attempted to conceal the asset or abuse the bankruptcy system.

## **Procedural History**

The debtors moved during the administration of the case and did not notify the court of their change of address. All correspondence, including the turnover order, was mailed to the residence listed on their petition.[4] The court cannot determine whether the debtors were residing at the address to which the turnover order was mailed when it was mailed. This difficulty arises from the slow administration of the case, none of which is attributable to the debtors.[5] The periods of inactive

---

[3]It is unclear whether the entire claim should be allowed. It is not known when the vehicle was sold although it appears more likely to have been after the filing of the petition. Depending on the date the vehicle was sold, some of the interest and expenses claimed may not be allowable. 11 U.S.C. §506(b).

[4]The debtors were required to keep the court advised of their current addresses as long as the case was open. However, this case was twice closed and reopened. The debtors may have been confused as to their obligation to advise the court of their change of address in light of the circumstances presented. There is no indication that the debtors intentionally concealed their mailing address from the court or the trustee.

[5]The following chronology of the administration of the case is taken from the court's record and the trustee's testimony at the default hearing.

| Date | Event |
|---|---|
| 1/13/2005 | Debtors filed voluntary petition under chapter 7 |
| 1/16/2005 | Administrative Order entered |
| 2/23/2005 | Section 341 meeting held |
| 5/2/2005 | Discharge granted |
| 12/19/2005 | Case closed |
| 1/ 5/2006 | Case reopened |
| 1/30/2006 | Trustee filed asset notice |
| 2/ 3/2006 | Notice to file proofs of claims mailed to creditors |
| 2/24/2006 | Trustee requested 2004 examination of debtors |
| 3/ 7/2006 | Order authorizing 2004 examinations entered |
| 5/ 2/2006 | Bar date for filing proofs of claim. Three proofs of claim are filed: one joint, two individual |
| 2/16/2006 | Trustee mailed certified letter to debtors advising debtors to hold funds. Bank |

(continued...)

administration leave large time gaps that suggest the debtors moved before the turnover order was mailed to them.

There are several delays in the administration of that case the may have confused the debtors or lulled them into believing that the case was over.[6] The trustee did not request an asset notice for more than a year after the case was filed and more than ten months after the debtors were granted a discharge. The docket reflects no action during that period. Notice to file proofs of claim was mailed on February 3, 2006. Proofs of claim are especially critical in this case because only creditors with joint claims may be paid from the proceeds of the sale of a marital home held as tenants by the entirety. Without joint creditors, there is nothing to be administered.

The trustee requested a Rule 2004 examination of the debtors on February 24, 2006, which was authorized by order on March 7, 2006. No 2004 examination was taken, although the debtors supplied the trustee the information requested in his letter to them at about that time. This informal action was probably in lieu of the authorized Rule 2004 examination.

---

[5](...continued)
records presented at default hearing are unclear whether certificate of deposit had been cashed by this date. The original maturity date was 1/28/2008.

| | |
|---|---|
| between 3/ 7/2006 and 5/16/2006 | Trustee gets a response from debtors in form of requested documentation but does not get any money. No 2004 examination is taken. |
| 5/16/2006 | No further response from debtors after this date |
| 7/20/2006 | Trustee mailed demand letter to debtors at same address as prior letter demanding turnover of funds |
| 6/13/2007 | Court entered status hearing order, setting hearing for 7/9/2007 |
| 7/ 5/2007 | Trustee filed turnover motion |
| 7/26/2007 | Turnover order entered |
| 4/18/2008 | Chapter 7 trustee filed no distribution report |
| 5/16/2008 | United States Trustee filed adversary proceeding |
| 5/23/2008 | Summons and complaint mailed and returned as undeliverable |
| 5/22/2008 | Case closed |
| 6/ 2/2008 | Case reopened |
| 9/17/2008 | Hearing on default judgment |

[6]No notice of closing the case is mailed to the debtors or any party in interest.

The critical date in this case is February 16, 2006, which is the date the trustee testified that he mailed a certified letter advising the debtors to hold the $30,000.00 until further instructions from the trustee. The money was held in a certificate of deposit which had an initial maturity date of January 28, 2008. However, at the hearing on the default motion, the trustee was unable to establish that on February 16, 2006, the funds were still on deposit or that the debtors still possessed them. The information from the bank records that the trustee obtained was inconclusive but suggested that the debtors had cashed in the certificate of deposit by that date. While the trustee received responses from the debtors to his inquiries in the spring of 2006, he received no response to further inquiries after May 16, 2006. On July 20, 2006, the trustee mailed a demand letter to the debtors at their home address as set out in the petition to turnover the funds. The debtors did not respond. On July 5, 2007, almost a year later, the trustee filed a motion for turnover. The order was entered on July 26, 2007. The debtors did not respond to the turnover motion.[7]

The debtors failed to comply with the trustee's request and with the turnover order. The trustee was unable to locate the debtors and filed a no distribution report on April 18, 2008.[8]

The United States Trustee filed this adversary proceeding on May 16, 2008, and mailed, by first class mail, the summons and complaint to the debtors at the address set forth in the petition. The summons was returned "not deliverable as addressed, unable to forward." Statement of Returned Mail – Summons and Complaint at 1 (Docket Entry 9).

Debtors' counsel made no appearance in the adversary proceeding because they were unable

---

[7]The entry of the order was appropriate because the debtors had an obligation to turnover those funds. However, the court did not determine at that time that the debtors had the funds or had the ability to turnover the funds. The order only determined that the debtors had the obligation to turn them over. Enforcement of the order raises different issues.

[8]It appears that the trustee's actions in 2007 were precipitated by the court's order of June 13, 2007, setting a status hearing on this case which was then 30 months old. The status hearing was set for July 9, 2007.

to contact the debtors and had no instructions. Counsel was not obligated to enter an appearance in the adversary proceeding although counsel remained counsel of record in the main case.

The debtors have not advised the court of a change of address. Debtors' counsel has been unable to contact the debtors. It is clear that they moved from their prior address, although it is not known when they moved. It is also clear that they moved prior to the mailing of the summons and complaint on May 23, 2008, and about or after the spring of 2006.

### **Discussion**

*Smith v. Jordan* sets out two facts that the United States Trustee must prove in order to shift the burden to the debtors. The first is that the debtors received a copy of the order, in this case, the turnover order. The trustee has not done this. It is clear from the record that the debtors moved and were not receiving mail addressed to their old residence. While they were obligated to keep the court advised of their new address, they did not do so. The trustee must show that the debtors received a copy of the turnover order. The debtors must be placed on notice of their obligations before their discharge may be revoked for failure to comply with the order of the court. In this case, the trustee has not shown that the turnover order was received by the debtors.[9]

The court cannot conclude form the evidence presented by the United States Trustee that the debtors willfully and intentionally refused to comply with an order of this court.[10]

---

[9] If the debtors did not receive the turnover order, they cannot be in violation of the Administrative Order because they were not be aware of any other order of the court with which they should have complied.

[10] The United States Trustee did not address the timeliness of the adversary proceeding. It was filed more than one year after this case was first closed. This case was closed twice, initially on December 19, 2005 and subsequently on May 22, 2008. In both instances, the case was reopened. An adversary proceeding under §727(d)(3) must be commenced within the later of one year after the granting of a discharge and the date the case is closed. 11 U.S.C. §727(e)(2).

Alexandria, Virginia
October 27, 2008

                                                /s/ Robert G. Mayer
                                                Robert G. Mayer
                                                United States Bankruptcy Judge

Copy electronically to:

Jack Frankel
Robert W. Weed

14621